IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division



Michael Watkins, )
    Petitioner, )
     )
v. ) 1:12cv323 (CMH/IDD)
     )
Eric D. Wilson, )
    Respondent. )

## MEMORANDUM OPINION

Michael Watkins, a federal inmate housed in the Eastern District of Virginia and proceeding pro se, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that a disciplinary hearing officer's finding that he possessed a dangerous weapon was not supported by sufficient evidence. On August 20, 2012, respondent filed a response with supporting exhibits[1] and advised petitioner of his right to file responsive materials, as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Civil Rule 7(K). Petitioner submitted a reply on September 14, 2012. For following reasons, summary judgment will be granted in favor of respondent.

### I. Background

The following material facts are uncontroverted. Petitioner is currently confined at the Federal Correctional Institution in Petersburg, Virginia ("FCI Petersburg"). Coll Decl. ¶ 4, ECF No. 9-1 at 3. On May 20, 2012, a Federal Bureau of Prisons ("BOP") employee conducted a pat search of petitioner and the chair in which he was sitting. Pet. 1, ECF No. 1; Resp. 2, ECF No. 9. The employee found a metal shank approximately eight inches in length and sharpened to a

---

[1] Although the response is captioned "Response to Petition for Writ of Habeas Corpus," its legal effect is a Motion for Summary Judgment because respondent wishes the Court to consider supporting exhibits.

point underneath a blanket that was resting on the seat portion of the chair. Id. The employee issued an incident report charging petitioner with possession of a dangerous weapon. Rep. dated May 20, 2012, ECF No. 9-1 at 11. On May 25, 2010, petitioner was given notice of a disciplinary hearing before a hearing officer ("DHO"). Notice, ECF No. 9-1 at 14. Petitioner noted that he did not wish to have staff representation or witness and signed the notice. Id.

A disciplinary hearing was held on June 7, 2010 in front of Hearing Officer Curtis L. Hise. Hearing Report, ECF No. 9-1 at 18, 21. At the hearing, petitioner stated in his defense, "I had just sat down. [The officer] asked me to get up. That chair did not belong to me." Id. at 18. The hearing officer found that petitioner committed that act as charged, stating:

> The DHO considered your statement and your defense to the charge against you. However, the DHO could not ignore that the staff member found the weapon in the same chair in which you were sitting. While you claim you had just sat down, the DHO did not find it reasonable to believe another inmate had a sharpened instrument in a chair, got up without taking it with him, and then allowed you to sit in the chair with the weapon in it.

Id. at 20. The hearing officer imposed various sanctions on petitioner, including the loss of good conduct time. Coll Decl. ¶ 6, ECF No. 9-1 at 3. Petitioner appealed the hearing officer's finding through the BOP's administrative grievance process and exhausted his administrative remedies. Id. ¶ 7.

## II. Standard of Review

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. The moving party bears the burden of proving that judgment on the pleadings is appropriate. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (moving party

2

bears the burden of persuasion on all relevant issues). To meet that burden, the moving party must demonstrate that no genuine issues of material fact are present for resolution. Id. at 322. Once a moving party has met its burden to show that it is entitled to judgment as a matter of law, the burden then shifts to the non-moving party to point out the specific facts which create disputed factual issues. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Matsushita Electrical Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). In evaluating a motion for summary judgment, a district court should consider the evidence in the light most favorable to the non-moving party and draw all reasonable inferences from those facts in favor of that party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). Those facts which the moving party bears the burden of proving are facts which are material. "[T]he substantive law will identify which facts are material. Only disputes over facts which might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248. An issue of material fact is genuine when "the evidence . . . create[s] [a] fair doubt; wholly speculative assertions will not suffice." Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985). Thus, summary judgment is appropriate only where no material facts are genuinely disputed and the evidence as a whole could not lead a rational fact finder to rule for the non-moving party. Matsushita, 475 U.S. at 587.

### III. Analysis

The Due Process Clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. In order to prevail on either a procedural or substantive due process claim, inmates must first demonstrate that they were deprived of "life, liberty, or property" by governmental

3

action. See Plyler v. Moore, 100 F.3d 365, 374 (4th Cir. 1996). It is well established that prisoners cannot be subjected to arbitrary discipline by prison officials. See Howard v. Smyth, 365 F.2d 428 (4th Cir. 1966). When a loss of statutory good-time credits or solitary confinement is at issue, the Supreme Court has mandated procedural safeguards for prison disciplinary hearings, including advance written notice of charges, written findings, and an opportunity, when consistent with institutional safety and correctional goals, for the inmate to call witnesses and present evidence in his defense. Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974); Baker v. Lyles, 904 F.2d 925, 929 (4th Cir. 1990). However, prison inmates have no protected liberty interest in the disciplinary hearing "procedures themselves, only in the subject matter to which they are directed." Ewell v. Murray, 11 F.3d 482, 488 (4th Cir. 1993).

A decision by a prison disciplinary board satisfies due process if there some evidence in the record to support the board's decision. Superintendent v. Hill, 472 U.S. 445, 454 (1985). Here, the DHO relied on the fact that petitioner was sitting on top of the metal shank and on a written statement from the officer who conducted the search in concluding that petitioner possessed the weapon. Petitioner offered no evidence to support his defense that that someone else had put the shank on the chair. Additionally, as respondent points out, none of the other inmates had access to the shank equivalent to petitioner's. Resp. at 7, ECF No. 9. Thus, as there patently was "some evidence" to support the finding of a disciplinary violation, due process was satisfied.

In his opposition to the Motion for Summary Judgment, petitioner urges the Court to find that the hearing officer's factual findings were erroneous, such that the conclusion that he was guilty of possessing the shank was unsupported, but the Court is not free to take such a step. In

4

Hill, the Supreme Court stressed that "a disciplinary board's factual findings or decisions with respect to appropriate punishment are [not] subject to second-guessing upon review." Id. at 455. Instead, because "[p]rison disciplinary proceedings take place in a highly charged atmosphere, and prison officials must often act swiftly on the basis of evidence that night be insufficient in less exigent circumstances . . . [T]he Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact." Id. at 456. Here, then, because some evidence—including petitioner's physical proximity to the weapon—supported the DHO's conclusion that petitioner possessed the shank, and because the Court cannot second-guess the DHO's factual determinations, the decision in this case satisfies the requirements of Hill.

## IV. Conclusion

For the foregoing reasons, summary judgment will be granted in favor of respondent. An appropriate Order shall issue.

Entered this 28th day of December 2012.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia

5